57 A.3d 62

ASHLEY LAVINE, PLAINTIFF, v. ROBERT
LANZA, DEFENDANT.

Superior Court of New Jersey
Chancery Division Cape May County

Decided May 2, 2012—Approved for Publication September 21, 2012.

*Anthony J. Harvatt,* for plaintiff.

*Frederick A. Mick,* for defendant (*Cardwell & Mick, LLC,* attorneys).

RAUH, J.S.C.

The issue presented is whether *N.J.S.A.* 2C:25–29(b)(3)(a), requiring a risk assessment when requested prior to the entry of an order for parenting time unless arbitrary or capricious, applies in

the context of an application to modify a final restraining order that already provides for parenting time. The court concludes that given the facts presented in this case it does.

The parties are the parents of two year old girl. On September 3, 2011, plaintiff sought and obtained a temporary restraining order. The court granted a final restraining order on

October 5, 2011. Neither party was represented. The final restraining order called for defendant's parenting time to be arranged by plaintiff.

There were no restrictions on defendant's parenting time other than it be arranged through plaintiff and implicitly with plaintiff's consent and at her convenience.

Defendant filed a notice of motion on April 11, 2012, seeking a set visitation schedule according to the parties' practice, a holiday visitation schedule, and certain other collateral relief. Plaintiff cross moved for an order suspending defendant's parenting time pending completion of a parenting class, anger management classes, as well as a drug test.

At oral argument on May 2, 2012, plaintiff requested a risk assessment pursuant to *N.J.S.A.* 2C:25–29 b(3)(a). The statute provides:

> The court shall consider a request by a custodial parent who has been subjected to domestic violence by a person with parenting time rights to a child in the parent's custody for an investigation or evaluation by the appropriate agency to assess the risk of harm to the child prior to the entry of a parenting time order. Any denial of such a request must be on the record and shall only be made if the judge finds the request to be arbitrary or capricious.

By the terms of the statute the assessment and suspension of parenting time are to be granted unless "arbitrary or capricious." Defendant argued that because an order for parenting time had already been entered the language did not apply. For the reasons set forth below, the court concludes that the section applies to applications to modify parenting time orders as well as initial parenting time orders.

■ The plain language of the statute applies. The statute refers to "entry of a parenting time order". Although there was an order for parenting previously entered, both parties were seeking entry of a parenting time order modifying the existing order. The statute does not limit itself to the entry of initial orders.

■ Additionally, the statute is to be construed liberally to achieve its purpose. *Finamore v. Aronson,* 382 *N.J.Super.* 514, 520, 889 *A.*2d 1114 (App.Div.2006). The interpretation urged by defendant herein would deprive an adjudicated victim of domestic violence of a statutory remedy.

■ Prior to modifying any parenting time order, the court must determine if there has been any change in circumstances. *Id.* at 522, 889 *A.*2d 1114. In this instance, it appears that many of the concerns raised by plaintiff were true at the time of the entry of the final restraining order. Plaintiff's mother, however, has become unavailable as a third party intermediary. Accordingly, there has been a change in circumstances. Also, the fact that neither party had counsel at the time of the final restraining order hearing needs to be considered. It is highly probable that plaintiff was unaware of the availability of the risk assessment at the time of the final restraining order. In this context as any, the court is also required to exercise its discretion in the best interest of the child. *Ibid.* The child's best interest is certainly fostered by frequent contact with both parents. *Id.* at 522–523, 889 *A.*2d 1114. However, the Act also requires the court to be protective of the victim parent and to ensure that parenting time arrangements do not compromise any other remedy. *Ibid.*

In this case the final restraining order is less than one year old. The child is only two. Although many of plaintiff's concerns are new and could have been addressed when the final order was entered, they are still relatively recent and pertinent to the issue of parenting time.

Plaintiff has cited concerns about prescription and non-prescription drug use, excessive video game playing, as well as an injury that occurred to the child while in defendant's care. Under these circumstances, a request for a risk assessment could not be deemed arbitrary or capricious.